JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY of SANTA MONICA, a charter city and municipal corporation; et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES M. LEVY, an individual, et al., <br> Defendants. | Case No. CV 15-3942 FMO (SSx) <br><br> **ORDER REMANDING ACTION** |

Having reviewed and considered the record and all the briefing filed with respect to plaintiffs' Motion for Remand ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

On May 6, 2015, the State of California, acting through the State Lands Commission and the Department of Parks and Recreation, and the City of Santa Monica ("City") (collectively, "plaintiffs"), filed a Complaint in Los Angeles County Superior Court ("state court") against Charles M. Levy, Lydia A. Levy, Grant Allan Levy, as Trustee of the C & L Levy 2012 Irrevocable Trust (collectively, "Levy Defendants"), American Securities Company, Wells Fargo Bank, N.A., and Fidelity National Title Insurance Co., asserting state-law claims for: (1) quiet title; (2) injunctive relief; (3) ejectment and damages for wrongful occupation; and (4) declaratory relief. (See Complaint at ¶¶ 31-47). Plaintiffs' central allegation is that the Levy Defendants, as owners, beneficiaries, or residents of the property located on Palisades Beach Road, in the City of Santa

Monica, ("Levy Property"), have wrongfully maintained encroachments on or within Santa Monica State Beach. (See id. at ¶¶ 4-6 & 30). Specifically, plaintiffs allege that the Levy Defendants have excluded public access to Santa Monica State Beach by maintaining encroachments consisting of a private patio and glass fencing on approximately 1,215 square feet of Santa Monica State Beach adjacent to the Levy Property.[1] (See id. at ¶ 30).

On May 26, 2015, the Levy Defendants removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Notice of Removal of Action Under 28 U.S.C. § 1441(a) ("NOR") at ¶ 3). Plaintiffs filed the instant Motion on June 16, 2015. On June 24, 2015, the Levy Defendants filed their corrected Opposition to Motion for Remand ("Opp'n"). Plaintiffs filed their Reply on June 25, 2015. (See Plaintiffs' Reply to Opposition to Motion for Remand ("Reply")).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).[2] District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Although federal question jurisdiction "[m]ost directly . . . arises under federal law when federal law creates the cause of action asserted[,]" Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013), there is "another longstanding, if less frequently encountered, variety of federal 'arising under'

---

[1] Because the parties are familiar with the facts, the court will repeat them below only as necessary.

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

jurisdiction" in which "federal-question jurisdiction will lie over state-law claims[.]" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-67 (2005); see Gunn, 133 S.Ct. at 1064 ("[E]ven where a claim finds its origins in state rather than federal law . . . a special and small category of cases exist in which arising under jurisdiction still lies.") (internal quotation marks omitted). In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S.Ct. at 1065.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The Ninth Circuit has clarified that the Grable test does not dispense with the well-pleaded complaint rule. See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011). As such, under the settled principles of the well-pleaded complaint rule, the existence of a federal defense is not enough to justify removal to federal court. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Finally, a removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, the removal statute is strictly construed against removal, Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009), and

if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

**DISCUSSION**

I.  SUBJECT MATTER JURISDICTION.

The Levy Defendants' NOR asserts that federal question jurisdiction exists because the case: (1) "involves the interpretation of the Treaty of Guadalupe Hidalgo of 1848," (NOR at ¶ 3(a)); (2) "pertains to the interpretation and application of the 1854 decision of the U.S. District Court to confirm title to the subject property to the Mexican land grantee Ramona Sepulveda," (id. at ¶ 3(b)); and (3) "[t]here is federal question jurisdiction over quiet title actions which involve the interpretation of federal documents." (Id. at ¶ 3(c)). However, the NOR fails to specify in what manner the court would be required to interpret the Treaty of Guadalupe Hidalgo, what portion(s) the court would be required to interpret, and which district court decision and federal documents need to be interpreted to resolve this dispute. (See, generally, NOR). Where, as here, removal is based on federal-question jurisdiction, the notice of removal must state that removal is based on a claim under federal law and identify the specific statute (or treaty provision) and explain why the claim arises under federal law. See 28 U.S.C. § 1446(a); see also 14C Wright & Miller, Federal Practice & Procedure § 3733, at 642 (4th ed. 2009) ("the removal notice must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists."). Here, the lack of specificity and vague and conclusory

4

assertions in the subject NOR is insufficient to establish a basis for federal question jurisdiction. See, e.g., Barringer v. Parker Bros. Empl. Ret. Fund, 877 F.Supp. 358, 360 (S.D. Tex 1995) (motion to remand granted when defendant's notice of removal was vague and included only conclusory contentions of federal-question jurisdiction, stating: "it is a basic rule of removal practice that when the removing party claims that a federal question exists, it must allege all facts essential to the existence of that federal claim; a bare-bones contention that a federal question exists is clearly insufficient.") (emphasis in original). Under the circumstances, the court is persuaded that the Levy Defendants – as the parties seeking to invoke this court's jurisdiction – have failed to meet their burden of establishing that removal is proper. See Gaus, 980 F.2d at 566.

Even assuming that the NOR provided sufficient information, a consideration of the NOR on the merits confirms that remand is appropriate. Relying on Borax Consolidated, Ltd. v. City of Los Angeles, 296 U.S. 10, 56 S.Ct. 23 (1935), the Levy Defendants contend that the type of boundary dispute at issue here is "necessarily a federal question." (See Opp'n at 3) (quoting Borax, 296 U.S. at 22, 56 S.Ct. at 29). Defendants' contentions and reliance on Borax are misplaced and misconstrue the nature of the underlying action.[3] This case is not about determining the boundaries of a federal patent, or the San Vicente y Santa Monica rancho. Rather, this case is governed by a boundary line agreement ("BLA") in the form of a joint Quitclaim Deed. (See Complaint at ¶ 25). Plaintiffs allege in the Complaint that in August 1921, the City and the Santa Monica Land Company ("SMLC"), the Levy Defendants' predecessor in interest, entered into the BLA, which used the mean high tide line ("MHTL"), previously established and adopted by the City as Ordinance No. 188 (Commissioners' Series), as the common and fixed boundary line between Santa Monica State Beach and SMLC property. (See id. at ¶¶ 18 & 25); see also

---

[3] The Levy Defendants misleadingly state that plaintiffs "repeatedly assert[]" in their Motion that Borax "held that ownership of tidelands vested to California upon its admission to the Union." (See Opp'n at 4). However, plaintiffs make a single reference to Borax, and only for the proposition that "the mean high tide line is the boundary between State tidelands and privately-owned uplands." (See Motion at 1). And in any event, this case is governed by a boundary line agreement and local ordinance that identify the boundary line at issue.

5

1  Muchenberger v. City of Santa Monica, 206 Cal. 635, 645 (1929) (affirming the constitutionality
2  and validity of Ordinance No. 188 and the resulting BLA). Ordinance No. 188 was validly adopted,
3  and the Quitclaim Deed was recorded and delivered. See Muchenberger, 206 Cal. at 643.
4  Significantly, the grant deed to the Levy Property refers to the boundaries established by
5  Ordinance No. 188 and the BLA, identifying the westernmost property line "as 'the line of mean
6  high tide of the Pacific Ocean' in Ordinance No. 188 Commissioners Series of the City of Santa
7  Monica entitled "An Ordinance Fixing and Determining the Line of Mean High Tide of the Pacific
8  Ocean,' in the City of Santa Monica adopted July 25, 1921[.]" (Complaint, Exh. A (Grant Deed)
9  at Legal Description) (capitalization altered).

10       The BLA has established the boundary at issue in this case, and it is clearly identified in
11 the Levy Property grant deed. (See Complaint at ¶¶ 18 & 25 & Grant Deed). As such, this case
12 is unlike Grable, where the Supreme Court held that a state quiet title action raised a federal
13 question because plaintiff's allegations were premised on a particular interpretation of federal law.
14 See 545 U.S. at 310-11, 314-15, 125 S.Ct. at 2366, 2368 (plaintiff alleged in a quiet title action
15 that the Internal Revenue Service's ("IRS") provided inadequate notice of sale of plaintiff's
16 property). The Supreme Court explained that to prevail on his claim, the plaintiff was required to
17 show that the IRS provided inadequate notice "as defined by federal law." Id., 545 U.S. at 314-15,
18 125 S.Ct. at 2368. Here, plaintiffs' claims are not premised on federal law, but instead on the BLA
19 and Ordinance No. 188, which are reflected in the applicable grant deed. (See Complaint at ¶¶
20 18 & 25 & Grant Deed). Plaintiffs simply argue that despite having had notice of the westernmost
21 boundary of their land, established by a BLA and local ordinance deemed valid by the California
22 Supreme Court (without reference to federal law), defendants have wrongfully occupied public
23 land. (See Complaint at ¶¶ 29-30). Their claims require no interpretation of federal law, nor does
24 the face of the Complaint implicate federal interests. Accordingly, this case is not within the

"special and small category of cases" in which "arising under" jurisdiction exists despite the assertion of only state law claims. See Gunn, 133 S.Ct. at 1064.[4]

Given the nature of the Complaint, it appears that, at most, the Levy Defendants intend to defend against plaintiffs' claims by challenging the validity of the underlying BLA (or ordinance), arguing that a court deciding this case must first determine whether the State actually owned the premises when it executed the BLA. (See Opp'n at 7-8). Accordingly, a court would only need to address questions that concern federal law if the Levy Defendants choose to raise them. Such a tactic fails to confer jurisdiction because a federal defense does not support federal question jurisdiction. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 (It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); Cal. Shock Trauma Air Rescue, 636 F.3d at 542 ("Grable did not implicitly overturn the well-pleaded complaint rule[.]"); Mercado v. Regents of the Univ. of Cal., 2014 WL 5305472, *3 (N.D. Cal. 2014) ("Neither Grable nor Gunn has removed the requirement that the substantial federal issue appear on the face of a plaintiff's well-pleaded complaint."); New Home Mortg. Inc. v. Pierro, 2009 WL 1456617, *2 (C.D. Cal. 2009) (finding defendant's reliance on Grable misplaced since the "substantial questions of federal law that [defendant] raises are [his] defenses, and not a basis for Plaintiff's claims"); Garrett v. Bank of America, N.A., 2014 WL 1648759, *3 *(N.D. Cal. 2014) (finding Grable inapplicable because plaintiff was "not asserting a claim that require[d] the interpretation of any federal law[,]" but instead it was defendant's defense that could have "required such an interpretation").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

---

[4] The Levy Defendants do not mention, much less discuss, Gunn or Grable. (See, generally, NOR, Opp'n). In the NOR, the Levy Defendants cited to Samuel C. Johnson 1988 Trust v. Bayfield County, Wis. 649 F.3d 799, 801 (7th Cir. 2011), to support their contention that federal jurisdiction exists over quiet title actions that involve the interpretation of federal documents. (See NOR at ¶ 3(c)). That case is inapposite; here, plaintiffs' claims are premised on the BLA (joint Quitclaim Deed) and Ordinance No. 188, which have established the boundary at issue in this case.

not persuaded, under the circumstances here, that the Levy Defendants have met their burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1332(a).

II.     COSTS AND FEES.

Plaintiffs' request remand of the action "for further proceedings and for reasonable costs and attorneys' fees associated' with the Motion. (Motion at 11; Reply at 5-6). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711) (2005). Here, the court finds that the Levy Defendants did not lack an objectively reasonable basis for removal.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Remand **(Document No. 11)** is **granted in part** and **denied in part**. The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiffs seek fees and costs.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 1725 Main Street, Santa Monica, California 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 13th day of July, 2015

/s/
Fernando M. Olguin
United States District Judge